**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

STRONGEST HOME, INC.,

Plaintiff,

v. Civil Action No. ___________

BOJIAN WU,

Defendant.

**COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY AND NONINFRINGEMENT**

Plaintiff Strongest Home, Inc. seeks declarations that U.S. Design Patent No. D1,138,723 (the "'723 Patent") is invalid and that its six identified adjustable doorstop products do not infringe it. Defendant Bojian Wu's Amazon patent report caused the listings to be deactivated. A 2022 Chinese design publication and a doorstop sold on Amazon.com in March 2024 each anticipate the claimed design. The accused products present an independent noninfringement ground.

**Parties**

1. Plaintiff Strongest Home, Inc. is a corporation with a business address at 30 N. Gould St., Ste. R, Sheridan, WY 82801. Its Chief Executive Officer is Itay Roth. Plaintiff sells adjustable doorstops through Amazon.

2. Defendant Bojian Wu is an individual. His application data sheet identifies a residence in Nanchang, China. On information and belief, he owns the '723 Patent; its face identifies him as inventor and applicant, and Plaintiff has located no recorded transfer.

**Jurisdiction and Venue**

3. This action arises under the patent laws, 28 U.S.C. §§ 1331 and 1338(a), and seeks relief under 28 U.S.C. §§ 2201–2202 and 35 U.S.C. §§ 102, 103, 171, and 271.

4. Wu asserted the ’723 Patent against Plaintiff’s products through Amazon Complaint ID 22043985781, causing deactivation of six listings, and has refused to withdraw it. There is a substantial, immediate controversy concerning infringement and validity. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

5. On information and belief, Wu is a patentee not residing in the United States who has filed no written designation with the USPTO under 35 U.S.C. § 293 of a U.S. resident to receive service or notice concerning the patent. The prosecution correspondence address and power-of-attorney customer number do not themselves establish such a designation. Section 293 supplies jurisdiction and permits service as this Court directs. Venue is proper under 28 U.S.C. § 1391(c)(3) and 35 U.S.C. § 293.

**The Patent and Its Prosecution**

6. U.S. Design Patent No. D1,138,723 issued August 4, 2026 from Application No. 29/999,324, filed April 16, 2025. It identifies no earlier priority claim on its face. Its effective filing date is April 16, 2025. The patent is attached as Exhibit 1.

7. The application initially disclosed the design through photographs. The Examiner’s February 20, 2026 final office action rejected the December 30, 2025 replacement line drawings under 35 U.S.C. § 112(a) as new matter not supported by those photographs. The Examiner specifically compared 21 original ridged grips with 26 in the replacement, an enlarged hinge and lower connector, changed hinge width and ridges, a base extending past the top shell, omitted internal elements, a tapered-to-rectangular rear profile, and altered rear pad and grip placement.

The office action, including annotated side-by-side views, is attached as Exhibit 13. See Ex. 13 at 3–4.

8. Wu's March 11, 2026 reply represented that the original photographs showed the door stopper's "actual appearance" and that the bottom extension was visible on the "original physical prototype," though not fully captured in the photograph. He attributed every cited difference "solely to photographic perspective or representation format—not substantive changes to the disclosed design." Exs. 11–12. The patent then issued on the line drawings. Ex. 1.

**Amazon Complaint and Accused Products**

9. Plaintiff offers six accused listings under ASINs B0FXVHFSG4, B0FXVFC9L1, B0FH7B9M3G, B0FH7BBPHF, B0FH7B73K9, and B0FH7FB1JX. They encompass chrome-finish and black-finish adjustable doorstops. The affidavit of Plaintiff's CEO, Itay Roth, with product photographs, is attached as Exhibit 5, with his passport number redacted.

10. Wu reported alleged infringement of the '723 Patent to Amazon under Complaint ID 22043985781, and Amazon deactivated the six listings. Amazon's notice, dated September 17, 2026, identifies Wu as rights owner and 308910942@qq.com as the contact email. Ex. 2. The deactivation cut Plaintiff's Amazon.com sales of the six ASINs from an average of $36,486 per month in June through August 2026 to $910 for the rest of September, and places Plaintiff's FBA inventory at risk of removal or disposal beginning on or about November 16, 2026. Ex. 16 ¶¶ 4–7.

11. On September 26, 2026, Plaintiff's counsel emailed that address requesting retraction and enclosing a noninfringement opinion and Roth's affidavit. On September 29, 2026, counsel wrote again, requesting retraction and advising that this action would be filed absent retraction.

On September 30, 2026, Wu replied from that address that he would not retract. The correspondence is attached as Exhibit 3, and the noninfringement opinion as Exhibit 4.

**The Prior Art**

12. Chinese Design Patent No. 202130723870.2 (the "CN '870 Design") was filed November 4, 2021 and granted and published as CN 307335279 S on May 13, 2022, nearly three years before the '723 Patent's filing date. It is prior art under 35 U.S.C. § 102(a)(1). The grant publication, with an English translation, is attached as Exhibit 14. CNIPA Decision No. 640026, which reproduces the same seven views, is attached as Exhibit 9, with an English translation as Exhibit 10.

13. The CN '870 Design depicts a door stopper with a fan-shaped wedge body; nested upper and lower fan-shaped members, the upper slightly larger, meeting at a hinged front tip; a vertical rectangular opening at the upper member's rear; transverse, graduated semicylindrical ribs across the upper face; and smooth side surfaces. Its views, including rear and bottom views, permit comparison with the claimed design as a whole. Ex. 14; Exs. 9–10.

14. The HOMOTEK Adjustable Tall Wedge Door Stopper, Amazon ASIN B0CRY3LK3N (the "HOMOTEK Product"), was publicly displayed and offered for sale on Amazon.com no later than March 24, 2024, the date of a public customer review with photographs of the brushed-stainless-steel one-pack variant. Further public reviews of the same variant were posted October 8, 2024 and March 9, 2025. Exs. 6, 6A, 7–8, 15. Because the HOMOTEK Product was disclosed more than one year before the '723 Patent's effective filing date, no exception under 35 U.S.C. § 102(b)(1) applies.

15. The HOMOTEK Product presents a nested fan-shaped body, transverse upper ribs, a hinged front tip, and a narrow rear slot with part of an internal spring visible. It is an independent anticipating reference. Exs. 6, 6A, 7–8.

16. Neither the CN ’870 Design nor the HOMOTEK Product appears among the references identified on the face of the ’723 Patent. Ex. 1.

**COUNT I: Declaratory Judgment of Invalidity Under 35 U.S.C. §§ 102 and 103**

17. Plaintiff incorporates paragraphs 1–16. Wu’s enforcement report to Amazon, and his refusal to withdraw it, create a present controversy concerning validity.

18. Viewed through the eyes of an ordinary observer familiar with the prior art, the claimed design and the CN ’870 Design have substantially the same overall visual appearance: the fan-shaped nested members, graduated ribbed upper face, rear rectangular opening, smooth flanks, and hinged tip define the same visual arrangement across the available views. Differences in precise rib count, hinge dimension, and rear proportion do not materially change that overall impression, and Wu himself told the USPTO that differences of those kinds are not substantive. Exs. 11, 13. The CN ’870 Design anticipates the claim of the ’723 Patent under § 102(a)(1).

19. Independently, the HOMOTEK Product presents substantially the same overall visual appearance as the claimed design and anticipates the claim under § 102(a)(1).

20. Alternatively, the claimed design would have been obvious before April 16, 2025 to an ordinary designer of doorstops over (a) the CN ’870 Design alone; (b) the HOMOTEK Product alone; or (c) the CN ’870 Design in view of the HOMOTEK Product. Both concern the identical article, their nested wedge layouts and rear openings furnish an immediately apparent starting point, and using the familiar surface and hinge details of one in the other would yield the same overall visual appearance without changing their basic form.

21. A further alternative combines the 2019 Amazon doorstop photographs identified in CNIPA Decision No. 640026 with the transverse-rib design of CN305954688S and/or the CN ’870 Design. CNIPA found the older photographed body and the 2020 rib treatment compatible in the same doorstop field, with remaining rib and hinge differences affecting local detail rather than overall effect. Exs. 9–10. An ordinary designer would have made the same modifications.

22. Plaintiff seeks a declaration that the claim of the ’723 Patent is invalid under 35 U.S.C. § 102 and/or § 103. These theories are pleaded in the alternative.

**COUNT II: Declaratory Judgment of Noninfringement (Pleaded in the Alternative)**

23. Plaintiff incorporates paragraphs 1–16. The continuing deactivation and threat of renewed reports create an actual controversy concerning the six accused products.

24. In light of the crowded prior designs, the accused products create a different overall impression from the claimed design. Their wider projecting upper panel over a narrower set-in lower portion, diagonal separation between the members, and exposed full-width cylindrical hinge barrel with visible knuckles distinguish the physical appearance described and photographed in Roth’s affidavit. Ex. 5. An ordinary observer familiar with the prior art would not mistake the accused products for the claimed design. *Gorham Co. v. White*, 81 U.S. 511, 528 (1871); *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 676–81 (Fed. Cir. 2008) (en banc).

**Prayer for Relief**

Plaintiff requests:

(A) a declaration that the claim of the ’723 Patent is invalid under 35 U.S.C. §§ 102 and/or 103;

(B) in the alternative, a declaration that the six accused products do not infringe the ’723 Patent;

(C) an order, temporary, preliminary, and permanent, directing Wu to withdraw Amazon Complaint ID 22043985781 as to the six ASINs;

(D) an injunction barring Wu, and those in active concert or participation with him, from submitting further reports asserting the '723 Patent against Plaintiff's products;

(E) costs and, where warranted, attorney fees under 35 U.S.C. § 285; and

(F) such other relief as the Court deems just.

**Jury Demand**

Plaintiff demands a jury on all issues so triable.

Dated: October 2, 2026

Respectfully submitted,

STRONGEST HOME, INC.
By counsel

/s/ Stan M. Doerrer

Stan M. Doerrer (VSB No. 88857)
LAW OFFICE OF STAN M. DOERRER PLLC.
950 N. Washington Street
Alexandria, VA 22314
Telephone: (703) 348-4646
Fax: (703) 348-0048
Email: stan@doerrerlaw.com

Jayadeep Deshmukh (pro hac vice application forthcoming)
458 Cherry Hill Road
Princeton, NJ 08540
Telephone: (609) 751-1461
jayrdeshmukh@gmail.com

*Counsel for Plaintiff Strongest Home, Inc.*